IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KERR MACHINE CO., <br><br> Plaintiff, <br><br> v. <br><br> VULCAN ENERGY SERVICES, LLC, VULCAN INDUSTRIAL HOLDINGS, LLC, and CIZION, LLC d/b/a VULCAN INDUSTRIAL MANUFACTURING, <br><br> Defendants. | CIVIL ACTION NO. 6:21-cv-00044 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR
PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Kerr Machine Co. ("Kerr") files this Original Complaint for Patent Infringement and Jury Demand against Defendants Vulcan Energy Services, LLC ("VES"), Vulcan Industrial Holdings, LLC ("VIH"), and Cizion, LLC d/b/a Vulcan Industrial Manufacturing ("VIM"). Plaintiff alleges infringement of United States Patent Number 10,895,325 (the "'325 Patent") as follows:

**Parties**

1.      Plaintiff Kerr Machine Co. is a corporation organized and existing under the laws of Oklahoma, with its principal place of business at 2214 West 14th Street, Sulphur, OK 73086.

2.      Defendant VES is a Delaware limited liability company with its principal place of business at 2107 East County Road 130, Building 5, Midland, TX 79706, which is located in Midland County and within this district.

3.      Defendant VIH is a Delaware limited liability company with its principal place of business at 1990 Post Oak Boulevard, Suite 2400, Houston, TX 77056.

4. Defendant VIM is a Delaware limited liability company with its principal place of business at 535 Simmon Drive, Osceola, Wisconsin 54020.

5. Upon information and belief, Defendant VIM and Defendant VES are both wholly owned subsidiaries of Defendant VIH.

6. The term Vulcan Defendants shall be used to refer to defendants VIH, VES, and VIM collectively.

**Jurisdiction**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

8. This Court has personal jurisdiction over each of the Vulcan Defendants because, directly or through alter egos, intermediaries and/or subsidiaries, they each have committed acts within the District giving rise to this action and/or has established minimum contacts with the District such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Thus, the Court has both general and specific personal jurisdiction over each of the Vulcan Defendants.

9. The Vulcan Defendants have committed acts of infringement of the '325 Patent within this District by making, using, selling, offering for sale, and importing in or into this District products that have the same construction as the claimed fluid end assembly of the '325 Patent, have the same construction as the claimed system of the '325 Patent, and are made by practicing the claimed methods of the '325 Patent. The Vulcan Defendants have also placed, and are continuing to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products will be purchased and used by customers and/or consumers in the State of Texas, including this District.

These infringing products and/or services have been and continue to be made, used, sold, offered for sale, purchased, and/or imported by customers and/or consumers in the State of Texas, including in this District.

10. The Vulcan Defendants also interact with customers, including through visits to customer sites in Texas, including in this District.

11. Kerr's causes of action arise, at least in part, from the Vulcan Defendants' contact with and activities in Texas, including in this District.

12. The Vulcan Defendants have derived substantial revenues from its infringing acts in this District, including from its manufacturing and sale of infringing products in the United States.

**Venue**

13. Venue is proper against VIH in this District pursuant to 28 U.S.C. § 1400(b) because (i) VIH has a physical place located in this District, (ii) it is a regular and established place of business in this District, and (iii) it belongs to VIH.

14. On its website, vulcanindustrial.com, and on multiple press releases, VIH advertises and holds itself out as having its "corporate headquarters" in Houston, but maintaining a location in Midland County, which the website refers to the as the "Permian Service Center." The same website also states, "VULCAN Industrial Holdings (VULCAN) is a precision engineering, manufacturing, and machining company" and a "premium supplier" of, *inter alia*, infringing fluid ends. On the same website, VIH advertises that "Vulcan Industrial … also operates in the Permian Basin area," at a location in this District. Similarly, a Vulcan Industrial Holdings Technical Service Bulletin advertises that "VULCAN replacement parts are available directly through our manufacturing facility or regional service centers."

15. Venue is proper against VIM in this District pursuant to 28 U.S.C. § 1400(b) because (i) VIM has a physical place located in this District, (ii) it is a regular and established place of business in this District, and (iii) it belongs to VIM.

16. Upon information and belief, VIM manufactures and services infringing fluid ends and sells the infringing products to customers located in the District through the Permian Service Center. Vulcan's website indicates, "Our service centers will be your single point of contact for your fracturing pump equipment needs." Upon information and belief VIM employs full-time personnel such as sales personnel, service personnel, and engineers, who work from a location in this District. Upon information and belief, VIM controls an inventory of infringing fluid ends located at the Vulcan warehouse in the district and maintains an inventory management system on VIM computers for those fluid ends.

17. Venue is proper against VES in this District pursuant to 28 U.S.C. § 1400(b) because (i) VES has a physical place located in this District, (ii) it is a regular and established place of business in this District, and (iii) it belongs to VES.

18. Upon information and belief, VES leases a location in Midland County, within this District, from which VES commits acts of infringement by commercializing, marketing, selling, distributing, testing, and servicing infringing products. A Vulcan Industrial Holdings Technical Service Bulletin advertises that "VULCAN replacement parts are available directly through our manufacturing facility or regional service centers," including Permian Service Center leased by VES. Vulcan's website also makes clear that the Permian Service Center operates as a "single point of contact for your fracturing pump equipment needs."

19. Additionally, each of the Vulcan Defendants operate as alter egos and thus the activities of each entity are attributable to all three for purposes of venue. The entities combine

operations and tax returns, share departments such as sales and accounting, and are run by an identical set of officers. Vulcan also intentionally blurs the lines between all three entities by referring to them collectively as "Vulcan Industrial" when marketing to the public and communicating with customers.

## United States Patent Number 10,895,325

20. On January 19, 2021, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 10,895,325 ("the '325 patent") titled, "Sealing High Pressure Flow Devices."

21. The '325 Patent was filed on September 28, 2017 as patent application serial number 15/719,124 and was published as United States Patent Application Publication US 2018/0017173 A1 on January 18, 2018.

22. Application serial number 15/719,124 is a continuation-in-part of application serial number 15/280,642, which was filed on September 29, 2016.

23. The '642 application claims priority from the following provisional patent applications: serial number 62/234,483, filed September 29, 2015; serial number 62/315,343, filed March 30, 2016; serial number 62/318,542, filed April 5, 2016; and serial number 62/346,915, filed June 7, 2016.

24. The '325 Patent claims patent-eligible subject matter and is valid and enforceable.

25. The named inventors of the '325 Patent are Mark S. Nowell, Kelcy Jake Foster, Michael Eugene May, Brandon Scott Ayres, Christopher Todd Barnett, Michael Cole Thomas, and Guy J. Lapointe.

26. The named inventors conveyed to Kerr all rights, title, and interest in and to the invention of the '325 Patent and its underlying patent applications, including the right to sue and

recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office.

27. Kerr is the exclusive owner by assignment of all rights, title, and interest in the '325 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '325 Patent.

28. The Vulcan Defendants are not licensed to the '325 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '325 Patent whatsoever.

29. The Vulcan Defendants have been on notice of the '325 Patent at least since the date of publication of United States Patent Application Publication US 2018/0017173 A1 on January 18, 2018.

### The Accused Instrumentalities

30. The Vulcan Defendants make, use, sell, and/or offer to sell in the United States and/or imports into the United States fluid ends for use in the oil and gas industry.

31. Hereafter, the term "Accused Instrumentalities" refers to all products manufactured by Defendant practicing the '325 Patent and all processes employed by the Vulcan Defendants that practice the '325 Patent, including at least the fluid ends sold under the brand name ICON EVO.

### Count 1
(The Vulcan Defendants' Infringement of the '325 Patent)

32. Kerr repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

33. The Vulcan Defendants make, use, sell, and/or offer to sell in the United States, and/or import into the United States products that directly infringe the '325 Patent, including the above-identified Accused Instrumentalities. The Accused Instrumentalities infringe at least claim 8 of the '325 Patent. A claim chart is attached as Exhibit A.

34. The Accused Instrumentalities include a fluid end assembly. The fluid end assembly includes a housing having an external surface and an internal chamber.

35. The fluid end assembly further includes a first conduit formed in the housing and having first and second sections. Each section independently interconnects the internal chamber and the external surface.

36. The fluid end assembly further includes a second conduit formed in the housing, intersecting the first conduit and having third and fourth sections, each section independently interconnecting the internal chamber and the external surface.

37. The fluid end assembly further includes an endless groove formed in the housing such that the groove surrounds the first section.

38. The fluid end assembly further includes a seal positioned within the groove.

39. The fluid end assembly further includes a discharge plug installed within the first section such that at least a portion of the discharge plug engages with the seal so as to form a barrier to fluid flow, in which the discharge plug has a top surface and an opposed bottom surface.

40. The fluid end assembly further includes a retainer attached to the housing and engaged with the top surface of the discharge plug and configured to secure the discharge plug in a stationary position within the first section.

41. The Accused Instrumentalities are manufactured using a method that infringes at least claim 1 of the '325 Patent.

42. The Vulcan Defendants have directly infringed and continue to directly infringe the '325 Patent, in violation of 35 § U.S.C. 271(a) & (g) by making, using, selling, offering to sell, and/or importing in or into the United States Accused Instrumentalities and other products that

include the elements claimed in or equivalent to the '325 Patent as described above, including at least claim 8 of the '325 Patent.

43.     In addition to the foregoing and/or in the alternative, the Vulcan Defendants are liable as a contributory infringer of the '325 Patent under 35 U.S.C. § 271(c). The Vulcan Defendants have offered to sell and/or sold within the United States services for manufacturing and designs for the Accused Instrumentalities that practice the '325 Patent. The Accused Instrumentalities comprise fluid ends and parts for fluid ends, each of which constitutes a material part of the '325 Patent's invention.

44.     The Vulcan Defendants knowingly encourage and intend to induce infringement of the '325 Patent by making, using, offering for sale, and/or selling products in the United States, and/or importing them into the United States, including but not limited to the Accused Instrumentalities, with knowledge and specific intention that such products will be used by its customers.

45.     The Vulcan Defendants also contribute to the infringement of the '325 Patent. The Vulcan Defendants make, use, sell, and/or offer to sell products in the United States, and/or import them into the United States, including but not limited to the Accused Instrumentalities, knowing that those products constitute a material part of the claimed invention, that they are especially made or adapted for use in infringing the '325 Patent, and that they are not staple articles or commodities of commerce capable of substantial non-infringing use.

46.     Moreover, the Vulcan Defendants' infringement of the '325 patent was willful. At least by January 18, 2018, the Vulcan Defendants had constructive notice of the '325 Patent. Nevertheless, without authorization and despite an objectively high likelihood that their actions infringe at least one claim of the '325 Patent, the Vulcan Defendants continued to infringe the '325

patent in the manners described above, both directly and through its agents, including by, on information and belief, making, using, offering for sale, selling, and/or importing the Accused Instrumentalities.

47. The Vulcan Defendants' acts of infringement have caused damage to Kerr, and Kerr is entitled to recover from Defendant the damages it has sustained as a result of the Vulcan Defendants' wrongful acts in an amount subject to proof at trial.

48. The Vulcan Defendants' infringement of Kerr's exclusive rights under the '325 Patent has caused Kerr irreparable harm for which there is no adequate remedy at law, unless the infringement is enjoined by this Court.

## Demand for Jury Trial

49. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Kerr demands a jury trial for all issues so triable.

## Prayer for Relief

WHEREFORE, Kerr prays for judgment as follows:

A. Declaring that the '325 Patent has been and continues to be infringed by the Vulcan Defendants;

B. Awarding damages arising out of the Vulcan Defendants' infringement of the '325 Patent, including enhanced damages pursuant to 35 U.S.C. § 284 and a compulsory future royalty until expiration of the '325 Patent, to Kerr, together with prejudgment and post-judgment interest, in an amount according to proof;

C. Permanently enjoining pursuant to 35 U.S.C. § 283 the Vulcan Defendants, its officers, agents, and employees, and those persons in active concert or participating with any of them, and its successors and assigns, from infringement, inducement of infringement, and

contributory infringement of the '325 Patent, including but not limited to making, using, selling and/or offering for sale within the United States or importing into the United States, any devices, products, software, or methods that infringe the '325 Patent before the expiration of the '325 Patent;

   D. Awarding attorneys' fees to Kerr pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

   E. Awarding such other costs and further relief as the Court may deem just and proper.

Dated: January 19, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: <u>/s/ *Brian D. Melton*</u>
　　　　　　　　　　　　　　　　　　　　　　Brian D. Melton (Texas 24010620)
　　　　　　　　　　　　　　　　　　　　　　Rocco Magni (Texas 24092745)
　　　　　　　　　　　　　　　　　　　　　　Thomas V. DelRosario (Texas 24110645)
　　　　　　　　　　　　　　　　　　　　　　(*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　SUSMAN GODFREY LLP
　　　　　　　　　　　　　　　　　　　　　　1000 Louisiana Street, Suite 5100
　　　　　　　　　　　　　　　　　　　　　　Houston, Texas 77002
　　　　　　　　　　　　　　　　　　　　　　Tel: (713) 651-9366
　　　　　　　　　　　　　　　　　　　　　　Fax: (713) 654-6666
　　　　　　　　　　　　　　　　　　　　　　bmelton@susmangodfrey.com
　　　　　　　　　　　　　　　　　　　　　　rmagni@susmangodfrey.com
　　　　　　　　　　　　　　　　　　　　　　tdelrosario@susmangodfrey.com

　　　　　　　　　　　　　　　　　　　　**COUNSEL FOR KERR MACHINE CO.**